**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Christina Castillo, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 5642 |
| | ) | |
| Credit Control, LLC, a Missouri limited | ) | |
| liability company, and United Debt | ) | |
| Holding, LLC, a Delaware limited liability | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Christina Castillo, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3.      Plaintiff, Christina Castillo ("Castillo"), is a citizen of the State of California,

from whom Defendant attempted to collect a delinquent consumer debt that she was

alleged to owe for an Old Navy credit card account, despite the fact that she was

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Credit Control operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, United Debt Holding, LLC ("United Debt"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant United Debt operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant United Debt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant United Debt is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via other collection agencies, like Defendant Credit Control.

7.     Defendants Credit Control and United Debt are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, Credit Control and

United Debt both conduct business in Illinois.

8.    Moreover, Defendants Credit Control and United Debt are each licensed as collection agencies in Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>.  In fact, Credit Control and United debt each act as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9.    Ms. Castillo is a senior citizen and the caregiver for her disabled husband, whose limited assets and income caused her to be unable to pay her bills.  At some point in time after her alleged Old Navy debt became delinquent, Defendant United Debt bought that debt.  When Defendants began trying to collect this debt from Ms. Castillo, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10.    Specifically, Defendants sent Ms. Castillo a collection letter, dated September 9, 2011, which demanded payment of the Old Navy debt.  A copy of this letter is attached as Exhibit <u>C</u>.

11.    Accordingly, on October 31, 2011, one of Ms. Castillo's attorneys at LASPD informed Defendants, in writing, that Ms. Castillo was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities because Ms. Castillo was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

12.    Undeterred, Defendants sent Ms. Castillo a collection letter, dated May 9, 2012, demanding payment of the Old Navy debt.  A copy of this collection letter is attached as Exhibit <u>E</u>.

3

13.     Accordingly, on June 19, 2012, Ms. Castillo's LASPD attorney had to send Defendants yet another letter, directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit <u>E</u>.

14.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Ms. Castillo's, agent, LASPD, told Defendants to cease communications and cease collections (Exhibit <u>D</u>).  By continuing to communicate regarding this debt and demanding payment (Exhibit <u>E</u>), Defendants violated § 1692c(c) of the FDCPA.

19.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.    Plaintiff adopts and realleges ¶¶ 1-15.

21.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from
communicating with a consumer if the debt collector knows the consumer is
represented by an attorney with respect to such debt and has knowledge of, or can
readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

22.    Defendants knew that Ms. Castillo was represented by counsel in
connection with her debts because her attorneys at LASPD had informed Defendants,
in writing (Exhibit <u>D</u>), that she was represented by counsel, and had directed
Defendants to cease directly communicating with her.  By directly sending Ms. Castillo,
a collection letter (Exhibit <u>E</u>) demanding payment, Defendants violated § 1692c(a)(2) of
the FDCPA.

23.    Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable
for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15
U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Christina Castillo, prays that this Court:

1.    Find that Defendants', Credit Control's and United Debt's, debt collection
actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Castillo, and against Defendants, Credit
Control and United Debt, for actual and statutory damages, costs, and reasonable
attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Christina Castillo, demands trial by jury.

Christina Castillo,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated:  July 18, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com